UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ISMAEL PADILLA,

     Plaintiff,

  v.

GREG ABBOTT, TEXAS BOARD OF PAROLE,

     Defendants.

Case No. 2:26-cv-00804-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed in forma pauperis ("IFP") and Prisoner Civil Rights Complaint. ECF Nos. 1, 1-1. The IFP is incomplete, the Complaint is illegible, and the case is filed in the wrong judicial district.

First, the IFP does not include an inmate trust fund statement and a financial certificate signed by a prison official. *See* ECF No. 1. Thus, the IFP is denied without prejudice because it is incomplete. Second, the Complaint itself is largely indecipherable. Plaintiff's handwriting is compressed, and his attachments are so faded that they cannot be deciphered. *E.g.* 1-2 at 6. From what the Court was able to glean from using best efforts, Plaintiff alleges he has been denied access to courts and is seeking release from incarceration as well as damages. ECF No. 1-1 at 4. The Court notes that if Plaintiff is challenging the fact or duration of his incarceration, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preister v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

Third, and perhaps most importantly, this case was filed in the wrong district. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case is filed

1

in the wrong district, the district in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Parks v. Johnson*, 2016 U.S. Dist. Lexis. 16284, at *1 (D. Nev. Feb. 9, 2016).[1] To the extent decipherable, Plaintiff is challenging his current incarceration in Huntsville, Texas. ECF No. 1-1 at 3. Plaintiff names Greg Abbott, the Governor of Texas, and the Texas Board of Parole as Defendants. *Id.* There are no factual allegations connecting Plaintiff's claims to Nevada. As stated, there are no Defendants in Nevada. And, of course, Plaintiff is not in Nevada. For these reasons, the Court finds Plaintiff's case is not properly filed in the District of Nevada. The case must be transferred to the Southern District of Texas (Houston Division).[2]

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is to transfer this matter to the Southern District of Texas (Houston Division).

Dated this 19th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] As explained in *In re U.S. Dept. of Ed.*, 25 F.4th 692, 698-99 (9th Cir. 2022), an order transferring a case to another federal venue is a non-dispositive matter that is within the province of a Magistrate Judge's authority under 28 U.S.C. § 636(b)(1)(A)).

[2] The Court finds this to be the proper venue. Huntsville, Texas is located in Walker County, which appears to be part of the Houston Division. https://www.txs.uscourts.gov/offices/houston-division